OPINION AND ORDER

OPENING STATEMENT

This opinion addresses the question of whether the trial court has authority to impose $150 in court costs on a criminal defendant who changes his plea to guilty on the day the jury trial is scheduled to commence. We find that it does not.

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2002, after being charged with intoxication, Appellant, Melvin George, entered a plea of not guilty. In accordance with Ordinance 21, Appellant requested a jury trial, which was set for May 28, 2003. On that day, a jury was summoned and assembled but before it was empanelled, the Court accepted Appellant’s change of plea to guilty. After the Appellant’s conviction was entered, the trial court imposed court costs in the amount of $150.[1] Appellant immediately made a Motion to Reconsider these costs and the trial court denied the Motion. Defendant then brought this appeal.

ISSUE

The issue on appeal is whether the trial court had authority to impose court costs associated with a trial by jury on the defendant who changed his plea to guilty on the : day the jury trial was scheduled to commence;

*472
DIS( USSION

I. The fee imposed by the trial court violates Ordinance 21 § 2.1⅛.6
We look to Ordinance 21 to determine whether the trial court had authority to impose court costs of $150 on a defendant who entered a guilty plea. Section 2.14.6 of Ordinance 21 provides:
2.14.6 Court Costs in Criminal Cases. The judgment of conviction in criminal cases shall include costs of Court, not to exceed the following amounts:
a. Twenty-five Dollars ($25.00) where case is disposed of in original trial upon a plea of guilty, or
b. One Hundred Dollars ($100.00) if trial is requested and heard by a Trial judge upon a plea of not guilty, or
c. Two hundred Dollars ($200.00) if trial by jury.
The plain import of the language of Ordinance 21 is controlling when examining the provisions of the statute.[2] The phrase “not to exceed the following amounts” impliedly grants limited discretion to judges in setting courts costs. Yet costs are limited by the ceilings imposed in subsections (a), (b), (c). Furthermore, the imposition of costs is itself only appropriate upon conviction, and the manner by which a conviction is obtained determines the amount of costs to be imposed. Therefore, we must decide whether the trial court applied the appropriate subsection eosts to Appellant.
Appellee contends that Appellant’s conviction falls under subsection (c), trial by jury, because Appellant waited to plead guilty until the day his jury trial was scheduled to commence and after the court incurred the expense of summoning a jury. Appellee argues that the terms of subsection (a) “in original trial” pertaining to conviction by guilty plea, refers only to the preliminary stages of the criminal process such as the initial hearing, arraignment or pretrial hearing. Consequently, Appellee asserts that subsection (a) would apply to Appellant only if he entered his guilty plea during a preliminary stage. Appellee reasons that as Appellant entered a guilty plea on the day of trial and after a jury was assembled, subsection (c) not (a) applies to Appellant. However, Appellee offers no law' or support for this interpretation of “in original trial” as required by the statute. Further, Appellee does not address the fact that Appellant was not convicted after “trial by jury.” See Ordinance 21 § 2.14.6(c). Without more, Appellee’s argument fails.
Appellee also argues that the purpose of the statute is to reimburse the court for the costs associated with each method of conviction. We agree. We do not agree, however, that fees associated with a jury trial were proper here simply because the court incurred much of these costs. Section 2.14.6 provides a judge authority to impose costs based on whether a defendant is convicted by guilty plea, by trial judge or by jury. See id. (a)-(c). In addition, reading the subsections to provide parallel definitions lends further support for this view. Subsection (a) assigns a $25 cost where a defendant’s case is disposed of by his/her guilty plea. Subsection (b) assigns a $100 cost to a conviction after a trial heard by a judge where a defendant pleads not guilty. Subsection (c), should be read consistently with these subsections. The plain import of subsection (c) means that costs associated with a jury trial are only available when a jury actual *473 ly hears a defendant’s case. The record here shows that the jury did not hear Appellant’s case and did not convict him, rather his conviction arose by plea of guilt. Therefore, the trial court abused its discretion in charging fees only appropriate under subsection (c).
To be clear, the trial court had proper grounds to impose court costs on Appellant. First, the parties sought multiple continuances (to prepare for trial and/or negotiate a case settlement). The trial court received no notice from Appellant or the Tribe of Appellant’s intent to enter a guilty plea. Therefore, the court summoned a jury and readied itself for a jury trial.[3] At the last moment, Appellant appeared and entered a guilty plea.[4] Nevertheless, while the court properly imposed costs, it abused its discretion in imposing a fine in excess of the $25 amount specified by subsection (a) where a criminal case is disposed of by guilty plea without a jury trial.

ORDER OF THE COURT

For the foregoing reasons, the July 17, 2003 Order of the trial court denying Appellant’s Motion to Reconsider court costs is vacated and the case remanded to the trial court to modify its Order consistent with this opinion.
IT IS SO ORDERED.

. From the record it appears that the original court order was inconsistent setting fees at $25.00 in one section and $150.00 in another. The court later clarified the imposition of a $150.00 fee in a Minute Order.

. Ordinance 21 § 2.1.4 states that “This Ordinance, ... is to be construed according to the plain import of its language."

. Among the duties undertaken by a court in preparation for a jury trial include, issuing by mail individual jury summons, rearranging the court docket, receiving and paying fees for jurors who appear and multiple other costs.

. In these circumstances, a trial court has the discretion to determine whether to accept or refuse a late negotiated plea agreement. It further has the ability to schedule pretrial and settlement conferences to avoid last minute pleas.